IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY A. HALL, | No. C-11-3397 TEH (PR) |
| Plaintiff, | ORDER OF SERVICE |
| v. | |
| SALINAS VALLEY STATE PRISON, et al., | |
| Defendants. | |

Plaintiff, a prisoner presently incarcerated at California Correctional Institution in Tehachapi, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP"), several SVSP officers, Chief Medical Officer Sepulveda California Department of Corrections and Rehabilitation ("CDCR") Secretary Matthew Cate, and SVSP Warden Anthony Hedgpeth. Plaintiff alleges that the named SVSP officers used excessive force against him and were indifferent to his serious medical needs in violation of the Eighth Amendment. Doc. #5 at 21-22, 23-25.

//

In this Order, the Court will conduct its initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

II

Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)). In determining

2

whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7; see also Spain v. Procunier, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Liberally construed, the complaint states a § 1983 claim for relief against defendants D. Tapia, R. Reyonoso, and H. Gonzalez in their individual capacities for the use of excessive force on Plaintiff in violation of his rights under the Eighth Amendment. Plaintiff's § 1983 claim against defendants D. Tapia, R. Reyonoso,

3

and H. Gonzalez in their official capacities is barred by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

The complaint fails to state a claim against the remaining named defendants. Plaintiff's allegations of pain and suffering resulting from Sergeant Gutierrez's treatment do not establish serious medical need and therefore fail to state an Eighth Amendment violation. McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). Plaintiff's claim against Officer Medina does not state a § 1983 claim because Plaintiff fails to allege that Officer Medina was in any way casually connected to the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). Officer Medina reviewed the complaint after the alleged excessive force incident, and cancelled the complaint because Plaintiff allegedly failed to meet procedural requirements. Doc. #5 at 8. Defendants Sepulveda, Warden Hedgpeth and Secretary Cate are apparently named because they are in charge of the CDCR health care system, SVSP and CDCR, respectively. However, none of these individuals were directly involved in the alleged constitutional violations. There is no respondeat superior liability under § 1983, i.e., no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Finally, Plaintiff's claim against SVSP is not cognizable under § 1983. A

4

prison or correctional facility is not a person within the meaning of § 1983. See, e.g., Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991). Moreover, the Eleventh Amendment confers immunity on state agencies from private damage actions brought in federal court. Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (holding that the California Department of Corrections and California Board of Prison terms are entitled to Eleventh Amendment immunity).

## III

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and all attachments thereto (Doc. # 5)[1], and copies of this order on SVSP Officers D. Tapia, R. Reynoso, and H. Gonzalez. All other named defendants are DISMISSED from this action. The Clerk also shall serve a copy of this order on Plaintiff.

2. To expedite the resolution of this case, the Court orders as follows:

    a. No later than ninety (90) days from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all

---

[1] Though the docket lists two complaints (Doc. #5 and Doc. #11), the complaint at Doc. #11 is a copy of the complaint at Doc. #5. Therefore, the Court treats the complaint docketed on July 20, 2011, Doc. #5, as the operative complaint.

5

respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If any Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date his motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon Defendants no later than thirty (30) days after Defendants serve Plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do

1 not submit your own evidence in opposition, summary judgment, if
2 appropriate, may be entered against you.  If summary judgment is
3 granted, your case will be dismissed and there will be no trial.
4 <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc)
5 (App. A).

6      Plaintiff also is advised that a motion to dismiss for
7 failure to exhaust administrative remedies under 42 U.S.C.
8 § 1997e(a) will, if granted, end your case, albeit without
9 prejudice.  You must "develop a record" and present it in your
10 opposition in order to dispute any "factual record" presented by the
11 Defendant in his motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d
12 1108, 1120 n.14 (9th Cir. 2003).

13      d.   Defendants shall file a reply brief within
14 fifteen (15) days of the date on which Plaintiff serves them with
15 the opposition.

16      e.   The motion shall be deemed submitted as of the
17 date the reply brief is due.  No hearing will be held on the motion
18 unless the court so orders at a later date.

19    3.   Discovery may be taken in accordance with the Federal
20 Rules of Civil Procedure.  No further court order is required before
21 the parties may conduct discovery.

22    4.   All communications by Plaintiff with the Court must
23 be served on Defendants, or Defendants' counsel once counsel has
24 been designated, by mailing a true copy of the document to
25 Defendants or Defendants' counsel.

26    5.   It is Plaintiff's responsibility to prosecute this

27
28                                7

case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED  *04/09/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Hall-11-3397-order of service.wpd